IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        CRIMINAL ACTION NO. 2:23-cr-00012

TAYLOR WOMACK,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion to Revoke the Magistrate Judge's Detention Order* (Document 39) and the *Government's Response in Opposition to Defendant's Motion to Revoke the Magistrate Judge's Detention Order* (Document 40) and the relevant transcripts (Document 36 and Document 38). For the reasons stated herein, the Defendant's motion is denied.

**I. FACTUAL AND PROCEDURAL BACKGROUND**[1]

The Defendant, Taylor Womack, was charged in a single-count *Superseding Indictment* (Document 25) with knowingly possessing a loaded firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[2] If convicted of the charged offense, the Defendant faces up to 10 years of imprisonment. The United States alleges that the Defendant, on or about September 7, 2020, in St. Albans, West Virginia, knowingly possessed a loaded FEG, Model PA-

---

[1] The parties dispute whether the United States' proffer at the detention hearing alone is sufficient to support a finding by clear and convincing evidence. The Court need not reach that question, as the basis for this holding rests independently on information that is of public record and found within the Pretrial Services Report.

[2] The penalty provision for a violation of § 922(g) has subsequently been moved to § 924(a)(8).

63, 9mm firearm. Allegedly, the Defendant knowingly possessed the weapon despite a prior conviction of daytime burglary by breaking and entering, and a prior conviction for delivery of a controlled substance, both of which are felonies.

The Pretrial Services Report, which was received without objection, details Mr. Womack's history. Mr. Womack, 28 years old, has lived in Kanawha County for his entire life. In February 2014, he pled guilty to breaking and entering of an automobile, which resulted in a suspended sentence of 60 days of imprisonment and six months of unsupervised probation. In May 2014, the Defendant was arrested for burglary and, after pleading guilty in the Circuit Court of Kanawha County, was sentenced under the West Virginia Youthful Offender statute to a term of not less than 6 months and not more than 2 years. In May 2016, he was returned as having successfully completed that sentence which required the sentencing court to place him on probation. He was sentenced to one year of probation. By February 2017 his probation was modified to include inpatient treatment, and four months later in June of 2017, his probation was revoked, the Defendant was referred to additional inpatient drug treatment and sentencing was deferred.

In May 2017, Mr. Womack was arrested in Wayne County for delivery of a controlled substance and conspiracy. In September 2017 he plead guilty to both charges and was sentenced in the Circuit Court of Wayne County to two concurrent one-to-five-year terms of imprisonment. This led to his being sentenced in February 2018, in Kanawha County on the probation revocation, to an indeterminate term of not less than 1 nor more than 15 years. The Defendant was paroled at the end of May 2018 and was discharged from parole in September 2019. This current case revolves around Mr. Womack's conduct approximately one year after he was discharged from parole, in September 2020.

In July 2021, the Defendant was arrested and charged with destruction of property, petit larceny and possession of a controlled substance. He was released on bond and failed to appear, which resulted in a subsequent arrest in February 2022. On April 19, 2022, he pled no contest to the destruction of property charge.

During Mr. Womack's arraignment, Magistrate Judge Aboulhosn found, by clear and convincing evidence, that there was no condition or combination of conditions of release that would reasonably assure the safety of any other person and the community or reasonably assure the defendant's appearance. (Document 16.) On February 1, 2023, the Defendant moved for reconsideration of the Magistrate's detention order on the ground that he be released to an inpatient substance abuse treatment facility. On February 9, 2023, the motion was denied. On March 9, 2023, the Defendant filed this motion to revoke Magistrate Judge Aboulhosn's detention order.

## II. STANDARD OF REVIEW

This Court reviews Judge Aboulhosn's detention order de novo, pursuant to 18 U.S.C. § 3145(a)(1). *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (unpublished) ("When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release."). Review of a magistrate detention order is to be "determined promptly." *Id.*

Pursuant to 18 U.S.C. § 3142(b), the Court must order the defendant released on personal recognizance or unsecured bond, subject to certain conditions, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." The factors to be considered

include: "(1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *United States v. Stewart*, 19 F. App'x at 48 (citing 18 U.S.C. § 3142(g)).

### III. DISCUSSION

The Defendant argues that the United States has failed to prove by clear and convincing evidence that no condition or combination of conditions of release existed that would reasonably assure the safety of any other person and the community and reasonably assure the defendant's appearance. Specifically, the Defendant argues that home confinement in combination with a $10,000 personal recognizance bond would ensure community safety and his appearance.

The United States argues that Mr. Womack's criminal history, including his prior revocation of probation and his parole violation, makes release inappropriate.

A. *Nature and Circumstance of the Offense Charged*

The Defendant is charged in a single-count indictment with knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The statute, addressing detention, explicitly states that a court should consider "whether the offense . . . involves a . . . firearm." 18 U.S.C. § 3142(g)(1). The nature of the charged offense indicates that the Defendant could pose a risk to the community.

B. *Weight of the Evidence*

No party has argued the weight of the evidence in this case. At this stage, the record is not extensive enough to reflect the weight of the evidence, and thus this factor does not lend support to detention or release.

*C. History and Characteristics of the Defendant*

The Defendant does have ties to the community, namely his mother, who has offered her home as a location for the Defendant's home confinement. However, from there, the Defendant's history becomes troubling, namely his four convictions prior to the conduct alleged in this case, and a subsequent conviction. Additionally, the Defendant has previously had his probation modified and revoked due to violations. Given these facts, his prior encounters with the justice system suggest that the Defendant would pose a danger to the public if released.

*D. Nature and Seriousness of Danger to Others*

Mr. Womack's criminal history, taken in combination with the charge in this case, not only indicates a lack of respect for the legal system, but also evidences his willingness to repeatedly engage in criminal conduct for his benefit despite prior periods of incarceration and the negative impact his actions will have on others.

## IV. CONCLUSION

Following review, the Court finds, by clear and convincing evidence, that there are no conditions of release for Mr. Cooper that would assure the safety of other individuals and the community. He is charged with having possessed a loaded firearm, as a convicted felon. He has a history of theft, drug distribution and destruction.

Further, the Court finds by clear and convincing evidence that Mr. Womack poses a risk of non-appearance, given his previous non-appearance in 2022 and his violation of probation in

2017. Therefore, the Court finds that no conditions or combination of conditions would reasonably assure his appearance. Living with his mother, with whom he lived prior to being detained and his ties to the district are simply insufficient to outweigh the nature and circumstances of the offense and his criminal history. Lastly, given the Defendant's refusal to discuss any substance abuse history for the Pretrial Services Report, the Court has only minimal current information regarding substance abuse.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Motion to Revoke the Magistrate Judge's Detention Order* (Document 39) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

    ENTER:    March 16, 2023

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA