IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                          CRIMINAL ACTION NO. 2:23-cr-00012

TAYLOR WOMACK,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Motion to Dismiss the Indictment Under the Second Amendment* (Document 43) and the *Response of the United States to Defendant's Motion to Dismiss the Indictment Under the Second Amendment* (Document 44). For the reasons stated herein, the Court finds that the motion should be denied.

**FACTS AND PROCEDURAL HISTORY**

The Defendant, Taylor Womack, was charged in a single-count *Superseding Indictment* (Document 25) with knowingly possessing a loaded firearm as a person convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] If convicted of the charged offense, the Defendant faces up to 10 years of imprisonment. The United States alleges that the Defendant, on or about September 7, 2020, in St. Albans, West Virginia, knowingly possessed a loaded FEG, Model PA-63, 9mm firearm. The Defendant knowingly possessed the firearm despite a prior conviction of daytime burglary by breaking and entering, and a prior conviction for delivery of a controlled substance, both of which are felonies.

---

[1] The penalty provision for a violation of § 922(g) has subsequently been moved to § 924(a)(8).

**DISCUSSION**

The Supreme Court in *Bruen* rejected the means-end scrutiny analysis that courts had used in the wake of *D.C. v. Heller*, 554 U.S. 570, 634 (2008).  142 S. Ct. 2111 (2022); s*ee, e.g.*, *U.S. v. Chapman,* 666 F.3d 220, 225 (4th Cir. 2012); *U.S. v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010).  Rather, "[i]n keeping with *Heller*," *Bruen* clarified the two-step analysis in the Second Amendment context.  *Bruen* at 2126.  The initial question for the court's consideration is whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 2129–30.  Otherwise stated, the question is whether the regulation infringes on or burdens the Second Amendment right to possess and carry firearms for self-defense.  *Id.* at 2133 (citing *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 767 (2010)).

If Second Amendment rights are burdened, the Constitution presumptively protects that conduct, and the regulation can stand "[o]nly if a firearm regulation is consistent with this Nation's historical tradition."  *Id.* at 2126.  Sometimes, this "inquiry will be fairly straightforward," especially "when a challenged regulation addresses a general societal problem that has persisted since the 18th century."  *Id.* at 2131.  However, some regulations were "unimaginable at the founding" and require identifying relevantly similar regulations and "reasoning by analogy." *Id.* at 2132.  Central to this consideration is "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified."  *Id.* at 2133.

The Defendant argues that 18 U.S.C. § 922(g)(1) burdens his Second Amendment rights and lacks an appropriate historical analogue imposing a comparable burden, and therefore, the Indictment should be dismissed.

2

Section 922(g)(1), in pertinent part, reads:

It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).  A number of district courts, including district courts from every circuit,[2] have rejected a post-*Bruen* challenge to the constitutionality of § 922(g)(1).  *See, e.g.*, *U.S. v. Isaac*, 5:22-cr-117, 2023 WL 1415597, at *2 (N.D. Ala. Jan. 31, 2023); *U.S. v. Taylor*, 3:22-cr-22, 2023 WL 1423725, at *2 (E.D. Ky. Jan. 31, 2023); *U.S. v. Barber*, 4:20-cr-384, 2023 WL 1073667, at *11 (E.D. Tex. Jan. 27, 2023); *U.S. v. Brown*, CR-20-260-1, 2023 WL 424260, at *3 (E.D. Pa. Jan. 26, 2023); *Battles v. U.S.*, 4:23-cv-63, 2023 WL 346002, at *1 (E.D. Mo. Jan. 20, 2023); *U.S. v. Whittaker*, No. 1:22-cr-272, Dkt. No. 33 (D.D.C. Jan. 12, 2023); *U.S. v. Garrett*, 18-cr-880, 2023 WL 157961, at *2 (N.D. Ill. Jan. 11, 2023); *U.S. v. Moore*, 3:20-cr-474, 2023 WL 154588, at *2 (D. Or. Jan. 11, 2023); *U.S. v. Trinidad*, CR-21-398, 2022 WL 10067519, at *2 (D.P.R. Oct. 17, 2022); *U.S. v. Price*, 2:22-cr-97, 2022 WL 6968457, at *7 (S.D.W. Va. Oct. 12, 2022) (Goodwin, J.); *U.S. v. Teerlink*, 2:22-cr-24, 2022 WL 17093425, at *1 (D. Utah Nov. 21, 2022); *U.S. v. King*, 21-CR-255, 2022 WL 5240928, at *5 (S.D.N.Y. Oct. 6, 2022).[3]

Neither the Defendant nor the United States cites a single case that has invalidated § 922(g)(1) under *Bruen*'s framework.  This Court has found no post-*Bruen* authority invalidating

---

[2] With the exception of the Federal Circuit.
[3] Some courts have found that *Bruen* did not disrupt prior caselaw and held that felons can be deprived of their Second Amendment rights.  *See, e.g.*, *Isaac*, 2023 WL 1415597, at *3–5; *Battles*, 2023 WL 346002 at *1; *Garrett*, 2023 WL 157961, at *2; *Moore*, 2023 WL 154588, at *2; *Trinidad*, 2022 WL 10067519, at *2; *Price*, 2022 WL 6968457, at *7; *King*, 2022 WL 5240928, at *5.  Other courts have relied on the second prong of *Bruen* and, after examining founding-era regulations, have held that the Second Amendment does not preclude Congress' ability to disarm people that have been deemed a credible threat to public safety.  *See, e.g.*, *Taylor*, 2023 WL 1423725, at *2; *Barber*, 2023 WL 1073667, at *6–8; *Brown*, 2023 WL 424260, at *3.

§ 922(g)(1) and declines the opportunity to chart a new course. Even assuming, without deciding, that the language of § 922(g) burdens the Defendant's Second Amendment rights, this Court is persuaded by, and adopts the reasoning articulated in *United States v. Goins*. 522-cr-91, 2022 WL 17836677 (E.D. Ky. Dec. 21, 2022) as it relates to historic tradition.

Additionally, this Court has previously held that § 922(g)(1) is constitutional in a post-*Bruen* world. *U.S. v. Bradley*, 2:22-cr-98, 2023 WL 2621352, at *2 (S.D.W. Va. Mar. 23, 2023) (Berger, J.); *see also U.S. v. Tucker*, No. 2:22-cr-17, Dkt. No. 30, 2023 WL 205300 (S.D. W. Va. Jan. 17, 2023) (Goodwin, J.); *U.S. v. Shawn Bever*, No. 2:22-cr-164, ECF Doc. No. 38 (January 4, 2023) (Faber, J.); *U.S. v. Price*, 2:22-cr-97, 2022 WL 6968457, at *7 (S.D.W. Va. Oct. 12, 2022) (Goodwin, J.). Given the number of well-reasoned and well supported decisions, addressing both text and historical tradition, the Court finds that § 922(g)(1) does not violate the Second Amendment of the United States Constitution.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Motion to Dismiss the Indictment Under the Second Amendment* (Document 43) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 5, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA